UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :   SEALED SUPERSEDING
                                   :   INDICTMENT
        - v. -                     :
                                   :   S2 18 Cr. 868 (SHS)
JOSE FRANCISCO GUZMAN-CABRERA,     :
                                   :
                    Defendant.     :
                                   :
- - - - - - - - - - - - - - - - - x

## COUNT ONE
(Narcotics Conspiracy)

The Grand Jury charges:

1.  From in or about 2013 through in or about 2018, in the Southern District of New York and elsewhere, JOSE FRANCISCO GUZMAN-CABRERA, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy that JOSE FRANCISCO GUZMAN-CABRERA, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3.  The controlled substances that JOSE FRANCISCO GUZMAN-CABRERA, the defendant, conspired to distribute and

possess with intent to distribute were a quantity of mixtures and substances containing a detectable amount of p-fluoroisobutyryl fentanyl, which is an analogue of fentanyl, U-47700, oxycodone, and hydrocodone, in violation of 21 U.S.C. § 841(b)(1)(C).

(Title 21, United States Code, Sections 846 and 841(b)(1)(C).)

## COUNT TWO
### (Distribution of Narcotics Over the Internet)

The Grand Jury further charges:

4. From at least in or about 2013 through in or about 2018, in the Southern District of New York and elsewhere, JOSE FRANCISCO GUZMAN-CABRERA, the defendant, did deliver, distribute, and dispense controlled substances by means of the Internet, and did aid and abet such activity, in such a manner not authorized by Subchapter I of Chapter 13 of Title 21, United States Code.

5. The controlled substances that were involved in this offense were a quantity of mixtures and substances containing a detectable amount of p-fluoroisobutyryl fentanyl, which is an analogue of fentanyl, U-47700, oxycodone, and hydrocodone, in violation of 21 U.S.C. § 841(b)(1)(C).

(Title 21, United States Code, Sections 841(h)(1)(A)-(B) and 841(b)(1)(C).)

## COUNT THREE
### (Money Laundering Conspiracy)

The Grand Jury further charges:

6.  From at least in or about 2013 through in or about 2018, in the Southern District of New York and elsewhere, JOSE FRANCISCO GUZMAN-CABRERA, the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other, to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(a)(2)(A).

7.  It was a part and object of the conspiracy that JOSE FRANCISCO GUZMAN-CABRERA, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions, to wit, the withdrawal of funds from certain bank accounts and the wire transfer of those funds to persons located outside the United States, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of the narcotics trafficking offenses described in Counts One and Two of this Indictment, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in

violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

       8.    It was further a part and object of this conspiracy that JOSE FRANCISCO GUZMAN-CABRERA, the defendant, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transfer, and transmit monetary instruments and funds from a place in the United States to or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the narcotics trafficking offenses described in Counts One and Two of this Indictment, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

      (Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

       9.    As a result of committing the offenses alleged in in Counts One and Two of this Indictment, JOSE FRANCISCO GUZMAN-CABRERA, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in

4

United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

        10. As a result of committing the offense alleged in Count Three of this Indictment, JOSE FRANCISCO GUZMAN-CABRERA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offense alleged in Count Three, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

        11. If any of the above-described forfeitable property, as a result of any act or omission of JOSE FRANCISCO GUZMAN-CABRERA, the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

          d.    has been substantially diminished in value; or

          e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

        (Title 21, United States Code, Section 853.)

_____  
Foreperson

_____  
GEOFFREY S. BERMAN  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

v.

JOSE FRANCISCO GUZMAN-CABRERA,

Defendant.

### SEALED INDICTMENT

S2 18 Cr. 868

(21 U.S.C. §§ 846, 841(h)(1)(A)-(B), and
841(b)(1)(C), and
18 U.S.C. § 1956(h).)

GEOFFREY S. BERMAN
United States Attorney.

/s/ *[signature]*   Foreperson.

---

01/09/19
(CA)

SEALED INDICTMENT FILED
W/ ARREST WARRANT

KH PARKER
USMJ