K9L6CABC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                           S2 18 CR 868 (SHS)

JOSE FRANCISCO GUZMAN CABRERA,

                Defendant.

------------------------------x
                                        New York, N.Y.
                                        September 21, 2020
                                        11:30 a.m.

Before:

                    HON. SIDNEY H. STEIN,

                                        District Judge

                         APPEARANCES

AUDREY STRAUSS
     Acting United States Attorney for the
     Southern District of New York
DAVID ABRAMOWITZ
     Assistant United States Attorney

HERIBERTO ANTONIO CABRERA
     Attorney for Defendant


Also present:  Spanish Interpreter, Nathan Rhodes
```

1           (Case called; telephone conference)
2           THE COURT:  Counsel, please state your name for the
3    record.
4           MR. ABRAMOWITZ:  Good morning, your Honor.  David
5    Abramowitz for the government.
6           THE COURT:  Good morning.
7           Who do we have for the defense?
8           MR. CABRERA:  Good morning, your Honor.  Herb Cabrera
9    appearing for Mr. Guzman Cabrera.  No relation.
10          THE COURT:  I see Mr. Cabrera on the video.
11          Mr. Cabrera, can you hear me, sir?
12          THE DEFENDANT:  Yes, your Honor.
13          THE COURT:  Mr. Interpreter, if you will make your
14   appearance as well.
15          THE INTERPRETER:  This is Nathan Rhodes, R-h-o-d-e-s.
16          I will note for the record the defendant also
17   responded "yes" when your Honor asked, Can you hear me.  Given
18   the surname, there may have been some confusion there.
19          THE COURT:  Thank you very much.
20          This is an initial pretrial conference as I understand
21   it.
22          Mr. Abramowitz, I take it the defendant has had a
23   first appearance and has had counsel; is that correct?
24          MR. ABRAMOWITZ:  Yes, your Honor.  He was presented
25   and arraigned on September 2nd in magistrate court.

1    THE COURT: Now, Mr. Guzman Cabrera, this conference
2    is being held remotely on a CourtCall platform.
3    Do you understand that, sir?
4    THE DEFENDANT: Yes, I understand.
5    THE COURT: There is a national pandemic now and we're
6    unable to conduct conferences such as this in person so it is
7    being done remotely.
8    Do you understand that, sir?
9    THE DEFENDANT: I do.
10   THE COURT: Do you agree to have this proceed remotely
11   rather than in person before me in court?
12   THE DEFENDANT: Yes. But if I were to decide -- if I
13   was requesting it to be in person, when more or less will that
14   take place?
15   THE COURT: I don't know actually, sir, but I can tell
16   you -- you are in the Essex County Jail -- that we are having
17   conferences with prisoners in the MCC or the MDC, and the
18   Bureau of Prisons requires a restriction after in-court
19   appearances that they must quarantine for two weeks. I don't
20   know what the procedure is in the Essex County Jail.
21   Defense counsel, if you can mute your mic because as
22   you move around, it creates a lot of static.
23   MR. CABRERA: My apologies to the Court.
24   Mr. Guzman Cabrera, that is about all I can tell you
25   now. You do have the right if you wish to appear in court in

person.  I don't know what that would be.  That's all I can say on that.

Do you wish to proceed now or do you want to wait until you can appear in person?

THE DEFENDANT:  Yes, I will proceed.

THE COURT:  Let's proceed.

Mr. Guzman Cabrera, you have been indited by a grand jury in Indictment S2 18 CR 868 entitled United States v. Guzman Cabrera.

Do you understand that, sir?

THE DEFENDANT:  Could you read the charges?

THE COURT:  Ms. Blankly, would you read Indictment S2 18 CR 868.  I am reluctant to minimize this open window and then open up the VPN.

MR. CABRERA:  Your Honor, if I may, Herb Cabrera, attorney for the defendant.

May I just remind him that I have gone over that indictment and that it is the same indictment that we have gone over prior to arraignment.

THE COURT:  He wants it read so I am going to have my deputy read it.

THE DEPUTY CLERK:  Let me just pull it up, Judge.

I have it.

THE COURT:  Ms. Blankly, I am going to ask you to read it slowly and allow time for the interpreter to translate it as

K9L6CABC

1  you go through it.

2  THE DEPUTY CLERK:  Okay.

3  It is United States v. Jose Francisco Guzman Cabrera,
4  18 CR 868.

5  Count One

6  (Narcotics Conspiracy)

7  The grand jury charges:

8  1. From in or about 2013 through in or about 2018 in
9  the Southern District of New York and elsewhere, JOSE FRANCISCO
10  GUZMAN-CABRERA, the defendant, and others known and unknown,
11  intentionally and knowingly did combine, conspire confederate,
12  and agree together and with each other to violate the narcotics
13  laws of the United States.

14  2. It was a part and an object of the conspiracy that
15  JOSE FRANCISCO GUZMAN - CABRERA, the defendant, and others
16  known and unknown, would and did distribute and possess with
17  intent to distribute controlled substances, in violation of
18  Title 21, United States Code, Section 841(a)(1).

19  3. The controlled substances that JOSE FRANCISCO
20  GUZMAN-CABRERA, the defendant, conspired to distribute and
21  possess with intent to distribute were a quantity of mixtures
22  and substances containing a detectable amount of
23  p-fluoroisobutyryl fentanyl, which is an analogue of fentanyl,
24  U-47700, oxycodone, and hydrocodone, in violation of 21 U.S.C.,
25  Section 841(b)(1)(C).

        Title 21, United States Code, Sections 846 and 841(b)(1)(C).

### Count Two

(Distribution of Narcotics Over the Internet)

The Grand Jury further charges:

4. From at least in or about 2013 through in or about 2018, in the Southern District of New York and elsewhere JOSE FRANCISCO GUZMAN-CABRERA, the defendant, did deliver, distribute, and dispense controlled substances by means of the internet, and did aid and abet such activity, in such a manner not authorized by Subchapter I of Chapter 13 of Title 21, United States Code.

5. The controlled substances that were involved in this offense were a quantity of mixtures and substances containing a detectable amount of p-fluoroisobutyryl fentanyl, which is an analogue of fentanyl, U-47700, oxycodone, and hydrocodone, in violation of 21, U.S.C., Section 84l(b)(1)(C).

        Title 21, United States Code, Sections 841(h)(1)(A)(B) and 841(b)(1)(C)(2).

### Count Three

(Money Laundering Conspiracy)

The Grand Jury further charges:

6. From at least in or about 2013 through in or about 2018, in the Southern District of New York and elsewhere JOSE FRANCISCO GUZMAN-CABRERA, the defendant, and others known and

unknown, knowingly did combine, conspire, confederate, and agree together and with each other, to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(a)(2)(A).

      7.  It was a part and object of the conspiracy that JOSE FRANCISCO GUZMAN-CABRERA, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions, to wit, the withdrawal of funds from certain bank accounts and the wire transfer of those funds to persons located outside the United States, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of the narcotics trafficking offenses described in Counts One and Two of this Indictment, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in Violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

      8.  It was further a part and object of this conspiracy that JOSE FRANCISCO GUZMAN-CABRERA, the defendant and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transfer, and transmit monetary instruments and funds from a place in the United States to or through a place outside the United States, with the intent to

promote the carrying on of specified unlawful activity, to wit, the narcotics trafficking offenses described in Counts One and Two of this Indictment, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

Title 18, United States Code, Section 1956(h).

### Forfeiture Allegations

9. As a result of committing the offenses alleged in Counts One and Two of this Indictment, JOSE FRANCISCO GUZMAN CABRERA, the defendant, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

10. As a result of committing the offense alleged in Count Three of this Indictment, JOSE FRANCISCO GUZMAN-CABRERA the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offense alleged in Count Three, and any property traceable to such property including but not limited to a sum of money in United States

K9L6CABC

currency representing the amount of property involved in said offense.

Substitute Assets Provision

11. If any of the above-described forfeitable property, as a result of any act or omission of JOSE FRANCISCO GUZMAN-CABRERA, the defendant:

A. cannot be located upon the exercise of due diligence;

B. has been transferred or sold to, or deposited with, a third person;

C. has been placed beyond the jurisdiction of the Court;

D. has been substantially diminished in value; or

E. has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any Other property of the defendant up to the value of the above forfeitable property.

Title 21, United States Code, Section 853.

Signed by the foreperson

THE COURT: Mr. Guzman Cabrera, the indictment S2 has been read to you.

Did you have an opportunity to discuss that with your counsel, sir?

SOUTHERN DISTRICT REPORTERS, P.C.••••
(212) 805-0300

1           (Pause)

2           THE COURT:  If the interpreter can interpret.

3           THE DEFENDANT:  Yes, your Honor.  The interpreter is

4    taking notes on Mr. Guzman Cabrera's extended utterance.  I can

5    interpret now or wait until the end of his utterance, your

6    Honor.

7           THE COURT:  You can tell him that I would like it

8    translated now and then he can continue after it is translated

9    to me.

10          THE INTERPRETER:  Your Honor, I have spent the last

11   three years in a very trying situation.  For me this entire

12   process with the authorities has involved violation after

13   violation of my rights.  They have raided my house on three

14   separate occasions with the DEA and the equivalent of the DEA

15   in my home country with the Attorney's General Office without

16   any warrant or justification and they have been able to

17   persecute me in this way.

18          And that is where your Honor intervened there.

19          THE COURT:  All right.

20          Mr. Guzman Cabrera, I don't want you in any way to

21   incriminate yourself in speaking so what I am going to tell you

22   is you will have a full opportunity in the course of this

23   litigation to have your attorney speak on your behalf.  You

24   will have the opportunity to speak as well during the course of

25   this litigation.

|   |   |
|---|---|
| 1 | what I ask you now is simply have you had an |
| 2 | opportunity to discuss the charges against you with your |
| 3 | attorney?  That should be either a yes or a no. |
| 4 | THE DEFENDANT:  Your Honor, I have been detained for |
| 5 | three months, since July 3rd, and at all times I have been |
| 6 | denied an attorney.  I did speak with an attorney.  I got in |
| 7 | touch from my country.  I was then not able to speak to him.  I |
| 8 | was in touch with international attorneys here and I could not |
| 9 | talk to him.  And throughout the quarantine, I have not been |
| 10 | able to talk to them because they have not allowed me to do so. |
| 11 | THE COURT:  Have you talked to Mr. Herbert Cabrera, |
| 12 | who you should be able to see on your screen, who is your |
| 13 | attorney in this litigation?  Have you talked with him about |
| 14 | the indictment? |
| 15 | THE DEFENDANT:  We haven't talked sufficiently about |
| 16 | the indictment.  We have only spoken a bit. |
| 17 | THE COURT:  This is what I think we should do, |
| 18 | gentlemen:  I think we should adjourn this conference at this |
| 19 | time and we will have it in 500 Pearl Street in the courtroom |
| 20 | so that Mr. Guzman Cabrera can talk with Mr. Herbert Cabrera |
| 21 | prior to that in the holding area or wherever the marshals have |
| 22 | it set up.  It seems to me that that would go much more |
| 23 | smoothly than this. |
| 24 | Is there any objection to that, Mr. Herbert Cabrera. |
| 25 | Is there any objection to adjourning this until such time as we |

1    can meet in 500 Pearl Street?

2              MR. CABRERA:  Your Honor, I have spoken with him

3    through video chats.  It has been difficult, but obviously

4    we're dealing with the pandemic.  My concern is that my client

5    does have some health issues and I don't think he realizes as

6    the Court indicated that after he goes to 500 Pearl Street,

7    they are going to put him into quarantine for 14 days.  I know

8    he had sufficient issues with that because he was in solitary

9    confinement and it was really difficult and he complained about

10   that.

11             I wonder, Judge, and I do apologize and I understand

12   the Court's concerns, if we can have a short adjournment rather

13   than go to 500 Pearl Street.  I have been in contact with the

14   Essex County office.  While it has been difficult for them to

15   accommodate our requests, we speak by phone because

16   videoconferencing is almost impossible.  I am sure we can get

17   this done and hopefully do it by video.  It will be a greater

18   hardship to my client if he had to appear at 500 Pearl Street

19   and then had to undergo quarantine again and I don't think he

20   appreciates the significance of this.

21             THE COURT:  Ms. Blankly, is this system capable at

22   this time to accommodate a private conversation between the

23   defense counsel and the defendant.  That is, can you shift them

24   to a private room on CourtCall?

25             THE DEPUTY CLERK:  Let me check that right now.  I am

1  going to try.

2  THE COURT:  If that can be done, Mr. Herbert Cabrera,
3  I will give you an opportunity to discuss that with your
4  client.

5  MR. CABRERA:  Thank you very much, your Honor.

6  THE COURT:  You can talk with him and we'll see.  I
7  will accommodate any requests, either to proceed now or to
8  adjourn it for a short period of time or to adjourn it until we
9  can get into 500 Pearl.

10  I am in the courtroom every couple of weeks.  So it
11  won't be a lengthy adjournment due to me I can tell you that.
12  I assume the marshals can bring him into the court on some
13  reasonable schedule as well.  As to whether or not he is going
14  to be quarantined upon his return, I said what I know.  That
15  is, that I know what is done at the MCC and MDC as of today.
16  Quarantine is for 14 days.

17  THE DEPUTY CLERK:  I am attempting to create another
18  chat room for the defense counsel, the defendant and
19  interpreter.  It doesn't seem to be working at the moment.  If
20  you want to wait five minutes, I can try to get Matt.

21  THE COURT:  Yes, please do.

22  THE DEPUTY CLERK:  Okay.

23  MR. CABRERA:  Your Honor, if you like, what I have to
24  say to him with regard to that issue I don't think it will
25  attach any privileged conversation.  I am going to inform him

1  generally of what the Court has the mind to do and the
2  difficulties it may present to him.
3          THE COURT:  No.  He has the right to speak with an
4  attorney.  I want him to have that right fully effectuated.  If
5  we can't set up that separate room, sir, we'll adjourn this
6  until whatever date you want for another videoconference.  That
7  will give you an opportunity to speak privately with him.  I
8  really would prefer that we effectuate his right to speak
9  privately with you.
10         MR. CABRERA:  Thank you, your Honor.
11         THE DEPUTY CLERK:  Judge, I am waiting for Matt to get
12 back to me.
13         THE COURT:  While we're waiting let me proceed with
14 the case itself.
15         Government, I have read the S2 Indictment.  If there
16 is anything else you want to add, let me know now.  I want to
17 know what the state of discovery is in this case and we'll set
18 some dates moving forward.
19         Mr. Abramowitz.
20         MR. ABRAMOWITZ:  Yes, your Honor.  I think on the
21 first point the indictment basically sets out the case.
22 Basically in sum the defendant operated a sham pharmacy website
23 that sold pills to consumers throughout the United States and
24 those consumers did not have prescriptions.  The defendant we
25 believe was a leader of this scheme.  He bought pills from

Case 1:18-cr-00868-SHS   Document 52   Filed 10/23/20   Page 15 of 20     15
K9L6CABC

1     China and India and shipped them to co-conspirators that
2     operated distribution centers in the United States and the
3     defendant directed co-conspirators to send pills to people who
4     ordered them on the pharmacy website and the defendant directed
5     the transmission of proceeds back to the Dominican Republic to
6     various shell company bank accounts.
7               There is substantial discovery in this case.  In terms
8     of timing, the government has asked the defendants to supply a
9     flash drive that we need to load the discovery.  As soon as we
10    receive that, we'll be able to produce discovery on a rolling
11    basis.
12              THE COURT:  Mr. Herb Cabrera, can the defense provide
13    a flash drive ASAP to the government for the government to load
14    the discovery on it?
15              (Pause)
16              Mr. Herb, what was your response to that, sir?
17              MR. CABRERA:  Yes, your Honor.  I did receive the
18    request from the prosecutor on the 20th of this month.  Today I
19    have somebody leaving my office to go.  I will forward that to
20    Mr. Nathan Rehn.  Thank you.
21              THE COURT:  So, Mr. Herbert Cabrera, do you have any
22    sense of how long it will take you to analyze that flash drive
23    discovery and be able to tell me what motions, if any, you
24    intend to make?  Not to make the motion but to be on record as
25    to what motions you intend to make.

             SOUTHERN DISTRICT REPORTERS, P.C.••••
                        (212) 805-0300

1    MR. CABRERA:  Certainly, Judge.  Obviously I still
2  need quite a bit of time to talk to my client and read the
3  documents.  We haven't dealt with the situation, but Mr.
4  Abramowitz indicated that the discovery is substantial.  I
5  don't know quite how substantial, but I would assume that 60
6  days if that the Court is of the mind to allow that or
7  something shorter.  Whatever the Court requires.
8    THE COURT:  What is the position of the defense on the
9  request for 60 days in which the defense will come back and
10  tell me what motions?
11    MR. ABRAMOWITZ:  Your Honor, do you mean the
12  government?
13    The defense proposal of 60 days is fine for the
14  government.  I will be happy to summarize what the discovery
15  consists of if that will be helpful.
16    THE COURT:  Please do.
17    MR. ABRAMOWITZ:  The discovery includes photographs
18  and lab reports from drug seizures and controlled purchases of
19  narcotics that were conducted using the pharmacy website.  The
20  discovery also consists of records and search warrants on email
21  addresses and on a number of cell phones and computers.  There
22  are also website records.
23    THE COURT:  What was the last phrase, sir?
24    Mr. Abramowitz, the court reporter is asking you to
25  say your last few words.

1     MR. ABRAMOWITZ:  I am sorry.

2     So there would also be website records and voluminous
3 financial records in the discovery.

4     THE COURT:  That is helpful.

5     This is what I am going to do:  I am going to set 60
6 days from now.

7     Ms. Blankly, if you will give us a date and time.

8     THE DEPUTY CLERK:  November 18 at 3:00 p.m.

9     THE COURT:  I am going to set the conference for
10 November 18 at 3:00 p.m. in my courtroom or any other courtroom
11 that is assigned at the United States Courthouse at 500 Pearl
12 Street in Manhattan at which time the defense will set forth if
13 it has any motion and should outline for me what those motions
14 are.  If there are motions on November 18th, we'll set a
15 briefing schedule.  That is the first thing I am going to do.

16    The second thing is we're going to give Mr. Cabrera
17 whatever time he needs to meet with his attorney privately and
18 then we'll pick up the arraignment.  Actually, I will probably
19 start again.  That will be whatever Mr. Cabrera wants.  As a
20 matter of fact, I do not believe there is a need to have an
21 arraignment except prior to trial.  I am not giving anybody
22 legal advice.  What I am saying is, Mr. Cabrera, you should
23 notify me in writing whenever you want this arraignment to pick
24 up again.

25    I should state for the record that the defendant has

1  been read Superseding Indictment S2 and he has not entered a
2  plea at this time.
3           Government, is there anything that I can do for you?
4           MR. ABRAMOWITZ:  Your Honor, just one point.  My
5  understanding is the defendant was arraigned when he was
6  presented in magistrate court.  In terms of the formal
7  arraignment requirement, I think that is sufficient.  Given the
8  defendant's concerns today, your Honor's plan certainly makes
9  sense to answer the defendant's questions and any explanation
10 he wants on charges.
11          The second point is we would ask to exclude time under
12 the Speedy Trial Act until November 18 to allow the defendant
13 further time to consult with his attorney about the charges and
14 to allow the government to produce and the defense to review
15 the discovery and contemplate any motions.
16          THE COURT:  Mr. Herbert Cabrera, what is your response
17 to the government's request for an exclusion of time until
18 November 18th?
19          MR. CABRERA:  We have no objection, your Honor.
20          THE COURT:  Thank you.
21          The government has moved for an exclusion of time.
22 The defendant has no objection.  I hereby exclude time from
23 calculation under the Speedy Trial Act from today until
24 November 18 of 2020.  I make the finding that the ends of
25 justice outweigh the interests of the public and the defense in

1  a speedy trial and I deem this motion to have been made under
2  18, United States Code, Section 3161(h)(7)(A).
3         We have a way to proceed.
4         Mr. Herbert Cabrera will provide a flash drive to the
5  government.  The government will load the discovery on it and
6  that will be done within the next few days.  Mr. Herbert
7  Cabrera will review that discovery and will also have further
8  discussions with his client.
9         We'll pick up an entry of a plea whenever Mr. Herbert
10 Cabrera asks for it in writing consistent with the policies of
11 the BOP in bringing prisoners over from the Essex County Jail.
12        I think we have taken this as far as we can today.
13        Mr. Herbert Cabrera, is there anything else I can do
14 for the defense?
15        MR. CABRERA:  Yes, your Honor.
16        Mr. Abramowitz indicated the defendant was arraigned
17 already in magistrate's court.  In view of the circumstances my
18 question is, Judge, would you entertain in that letter wherein
19 the Court requests that I notify the Court in writing with
20 regard to when the arraignment date can take place before this
21 Court?  I wonder if in that same letter after consulting with
22 my client if he waives the requirement to have his physical
23 appearance, whether I can indicate that on the record as well
24 with regard to the appearance for November 18th.
25        THE COURT:  Let's see what the status of things is on

1  November 18.  If there is no quarantine required then, yes, I
2  would prefer to have him in front of me.  If there is a
3  quarantine, let's figure out what the best thing to do is.  If
4  there is a quarantine period, I would assume I would have no
5  problem doing this by video if he waives his right to be
6  present in front of me.  I hope that is clear.  In other words,
7  I certainly would accept the waiver of his right to be
8  physically present in the courtroom if there are difficulties
9  in bringing him over and a quarantine would have to be imposed
10 upon him.
11          Does that make sense, Mr. Herbert Cabrera?
12          MR. CABRERA:  Yes, your Honor.  I did obtain his
13 consent before this appearance to appear remotely and I did
14 file that with the Court today.  Certainly that is acceptable.
15          THE COURT:  We're adjourned to November 18th or any
16 prior time that the defense requests.
17          Thank you very much.
18          The Court is leaving the call.
19                              o0o