UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA         :

                                                       :       18 Cr. 868 (SHS)

         -against-      :

                                                      :       <u>OPINION & ORDER</u>

JOSE FRANCISCO GUZMAN-CABRERA,    :

                                 Defendant.        :

------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      Defendant Jose Francisco Guzman-Cabrera has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the ongoing COVID-19 pandemic and his condition of obesity. (ECF No. 81.) In particular, defendant focuses on the particular risks of contracting COVID-19 at FCI Fort Dix, where he is currently incarcerated. The Court may grant defendant's motion if it finds that 1) he has exhausted his administrative remedies; 2) "extraordinary and compelling reasons" exist in his case; and 3) granting the motion would be consistent with the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(a).

      Although Guzman-Cabrera has exhausted his remedies, *see* 18 U.S.C. § 3582(c)(1)(A), he has shown neither that "extraordinary and compelling reasons" justify granting the motion nor that releasing him would be consistent with the section 3553(a) factors. First, COVID-19 alone does not create an extraordinary and compelling circumstance for compassionate release. *See United States v. Nwankwo*, No. 12-cr-31, 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020) (collecting cases). Moreover, the Bureau of Prisons reports that, while over 1,600 inmates have recently recovered from COVID-19 at Fort Dix, current cases in the prison are currently quite low, with three recorded cases among inmates and nineteen among staff. *BOP: COVID-19 Update*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated Mar. 2, 2022). Furthermore, defendant has not shown that his age or health individually or in combination pose an extraordinary and compelling circumstance; he is forty-two years old and lists obesity as his only medical condition. (PSR at 2, ECF No. 77; Mot. at 8, ECF No. 81.) With a body-mass index of thirty, defendant is only borderline obese. *See Defining Adult Overweight & Obesity*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/obesity/adult/defining.html (last reviewed June 7, 2021) ("If your BMI is 30.0 or higher, it falls within the obesity range."). Thus, on this showing, the Court cannot conclude that "extraordinary and compelling reasons" justify granting defendant's motion.

      Furthermore, granting the motion would be inconsistent with the factors in section

3553(a). Among the factors the Court must consider is "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the rule of law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Moreover, the Court must consider "the nature and circumstances of the offense." Id. § 3553(a)(1). The Court sentenced defendant to seventy-eight months' imprisonment in November of last year after he pled guilty to one count of narcotics conspiracy and one count of narcotics distribution. (J., ECF No. 76.) Guzman-Cabrera has served approximately four months of his sentence, which amounts to barely five percent of his overall sentence. A grant of compassionate release would be entirely inconsistent with the seriousness of defendant's offenses and the need for his sentence to reflect their gravity.

Therefore, the defendant's motion for compassionate release is denied, as is his request for appointment of counsel, (ECF No. 82.) See Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989); United States v. Edwards, No. 15-cr-854, 2021 WL 1422808, at *1 (S.D.N.Y. Mar. 23, 2021). The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Jose Francisco Guzman-Cabrera [07122-509], FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.

Dated: New York, New York
March 7, 2022

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.